THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN: 254904)
Assistant United States Attorney
    300 N. Los Angeles Street
    Federal Building, Room 7211
    Los Angeles, California 90012
    Telephone: (213) 894-6551
    Facsimile: (213) 894-0115
    E-mail: andrew.t.pribe@usdoj.gov

Attorneys for the United States of America

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JESUS TEJADA; SANDRA TEJADA; COUNTRYWIDE HOME LOANS, INC.; STATE OF CALIFORNIA, FRANCHISE TAX BOARD; STATE OF CALIFORNIA, EMPLOYMENT DEVELOPMENT DEPARTMENT; RIVERSIDE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; and ALLIED INTERSTATE, INC. <br><br> Defendants. | Case No. ED CV 07-00606 VAP(JCRx) <br><br> Judgment and Order of Sale <br><br> Judge Virginia A. Phillips |

On the United States' motion for default and order of sale and on the stipulation of the United States, Plaintiff, and Countrywide Home Loans, Inc., the State of California, Franchise Tax Board, and the Riverside County Department of Child Support Services, Defendants,

IT IS ORDERED:

1.    Judgment is entered in favor of the United States and against Jesus Tejada and Sandra Tejada on Count I of the United States' complaint in the amount

1

of $221,850.19 through May 31, 2007, plus all subsequent statutory accruals, including interest and penalties, plus costs and expenses.  This judgment is for outstanding federal income tax liabilities for the tax years 1993 through 1996 and 1999 through 2003

    2.    Judgment is entered in favor of the United States and against Jesus Tejada on Count II of the United States' complaint in the additional amount of $112,918.77 through May 31, 2007, plus all subsequent statutory accruals, including interest and penalties, plus costs and expenses.  This judgment is for outstanding federal employment tax liabilities for the third quarter 1999, the second, third, and fourth quarters 2001, the first, second, and third quarters of 2002, and the third and fourth quarters of 2005 (941 liabilities) and 1997, 1999, 2001, 2002, and 2005 tax years (940 liabilities).

    3.    The federal tax liens at issue in this case are foreclosed.  These liens are against the real property commonly referred to as 68245 Alcita Road, Cathedral City, California 92234, and legally described as:

> Lot 646 of Palm Springs Highland unit #3, as shown by Map on file in Book 37 Pages 77 and 78 of Maps, in the Office of the County Recorder of Riverside County.

    4.    This property is ordered to be sold as set forth below.

    5.    The interests and priority of United States, Countrywide, the California Franchise Tax Board, and the Riverside Department of Child Support Services, in accord with these parties' stipulation, are as follows:

| | | |
|---|---|---|
| 1. | Countrywide | $51,139.85 (through 11/9/07) |
| 2. | US 1040 1993 | $130,905.77 (through 5/31/07) |
| 3. | US 1040 1994 | $15,141.32 (through 5/31/07) |
| 4. | FTB 1995 | $671.89 (through 10/31/07) |
| 5. | US 1040 1996 | $18,278.97 (through 5/31/07) |
| 6. | US 1040 1995 | $28,793.25 (through 5/31/07) |
| 7. | FTB 1992 | $1,607.40 (through 10/31/07) |

|   |     |           |                             |
|---|-----|-----------|-----------------------------|
|   | 8.  | FTB 1993  | $31,207.35 (through 10/31/07) |
|   | 9.  | US 1040 1999 | $5,022.64 (through 5/31/07) |
|   | 10. | RCDSS     | $1,679.66 (through 10/15/07) |

Each party shall be entitled to additional accruals for the period after the dates specified as allowed by law.

6. The property is to be sold by the Area Director of the Internal Revenue Service whose district includes Riverside County, California, or his delegate, in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002.

7. Any party to this proceeding or any person claiming an interest in the subject real property may request that the Court order a private sale of the subject real property pursuant to Title 28, United States Code, Section 2001(b). Any such motion shall be filed within 20 days after entry of this judgment. Any motion under Section 2001(b) shall set forth with particularity (a) the nature of the moving party's interest in the subject real property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale.

8. The Area Director, or his delegate, is ordered to sell the subject real property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title 28, United States Code, Sections 2001(a) and 2002. The subject real property shall be sold at a public sale to be held at the Riverside County Courthouse in Riverside, California, as follows:

    a. Notice of the sale shall be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Riverside County, California. The notice shall describe the property by its street address and legal description, and shall contain the

terms and conditions of sale as set out herein.

b. The terms and conditions of sale shall be as follows:

    A minimum bid determined by reference to the current fair market value shall be required. The minimum bid shall be 75% of the current fair market value as determined by an appraisal of the subject property by the Internal Revenue Service. The United States of America may bid a credit against its liens and interest thereon, costs, and expenses, without tender of cash. The terms of sale as to all other persons or parties bidding shall be cash. The successful bidder shall be required to deposit with the Area Director cash equal to twenty percent of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder; and the remaining eighty percent of said purchase price is to be paid on or before 5:00 p.m., within three days of the date of sale. Should any person bid off the property at the sale by virtue of this judgment and order of sale, and fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent of the value of the property thus bid off as a penalty, and said deposit shall be paid over and delivered to the United States to be applied toward payment of said penalty, but payment of said penalty shall not be a credit against the liens of the United States.

c. Upon selling the subject real property, the Area Director, or his delegate, shall prepare and file with this Court an accounting and report of sale and shall give to the purchaser a certificate of sale containing the description of the property sold and the price paid. The accounting and report of sale shall be filed within ten days from the date of sale. If no objections have been filed in writing in this cause with the Clerk of the Court, within fifteen days of the date of sale, the sale shall be confirmed without necessity of motion, and the Area Director shall be directed by the Clerk of the Court to execute and deliver his deed to said purchaser.

1        d. Possession of the property sold shall be yielded to the purchaser upon the
2        production of the certificate of sale and deed; and if there is a refusal to so
3        yield, a writ of assistance may, without further notice, be issued by the Clerk
4        of this Court to compel delivery of the property sold to the purchaser.
5        e. The Area Director shall apply the proceeds of sale to expenses of sale and
6        then in the following order of priorities to the extent the amount of the
7        proceeds allow:
8        (1) First, to the Riverside County Tax Collector toward satisfaction of any
9        outstanding real property tax liens;
10       (2) Second, in satisfaction of the secured interests in the order and amounts
11       (plus subsequent accruals as allowed by law) specified in paragraph 5 above.
12          If any surplus remains, the Area Director, or his delegate shall so
13       report and deposit the surplus into the registry of this Court for distribution
14       under further order of the Court.
15       9. The Court retains jurisdiction of this action for the purpose of making
16 proper distribution of any surplus of the proceeds of sale, and resolving dispute, if
17 any, pursuant to the Area Director's accounting and report of sale.
18       10.   Any sale by the Area Director pursuant to this order shall be free and
19 clear of any liens and encumbrances held by any party to this action, including the
20 United States of America; Jesus Tejada; Sandra Tejada; Countrywide Home Loans,
21 Inc.; State of California, Franchise Tax Board; State of California, Employment
22 Development Department; Riverside County Department of Child
23 ///
24 ///
25 ///
26 ///
27 Support Services; and Allied Interstate, Inc. Any party's objection to this order is
28 waived unless filed within 20 days of entry of this order.

IT IS SO ORDERED.

Dated: _April 3, 2008__        _____Virginia A. Phillips_____
                               VIRGINIA A. PHILLIPS
                               UNITED STATES DISTRICT JUDGE

Presented by:

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

_____/s/_____Dated: March 14, 2008

ANDREW PRIBE
Assistant United States Attorney

Attorneys for Plaintiffs
United States of America